**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JACQUELINE M. BEHE**,

                      Plaintiff,

v.

**NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY**,

                      Defendant.

**DECISION AND ORDER**
1:17-CV-00349-RJA

---

## INTRODUCTION

Plaintiff Jacqueline M. Behe ("Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of a final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for Disability Insurance Benefits under Title II of the Act. (Dkt. 1). The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkts. 13 and 15). The Court assumes the parties' close familiarity with the procedural history, administrative record, and all issues before the Court. The Court has carefully considered the entire record, and for the reasons set forth below, the Court **DENIES** the Plaintiff's motion and **GRANTS** the Commissioner's motion.

## DISCUSSION

This Court reviews the record to determine whether the Commissioner applied the correct legal standard and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). Plaintiff argues the Appeals Council failed to evaluate or give good reasons to reject medical opinion evidence supplied to the Appeals Council; that the ALJ improperly substituted his lay opinion for that of a physician; and that the ALJ failed to find Chronic Obstructive Pulmonary Disease ("COPD") to be a severe

impairment. (Dkt. 13 at 16-26). The Court finds that the Appeals Council and ALJ did not err as a matter of law and the ALJ's decision was based on substantial evidence.

*Appeals Council failed to evaluate or give good reasons to reject medical opinion evidence supplied to the Appeals Council*

Plaintiff appealed the ALJ's decision to the Appeals Council and submitted additional evidence from three physicians. (Tr. 2, 10-19). This additional evidence consisted of a mental health impairment questionnaire from Ms. Cynthia McPhaden, LMHC (dated November 23, 2016); a letter from Dr. Rajitha Mallela, M.D. (dated October 26, 2016); and a letter from Dr. Norman Fiorica, M.D. (dated November 2, 2016). On March 17, 2017, the Appeals Council denied review and explained that it could not consider the newly submitted evidence because "[t]his new information is about a later time. Therefore, it does not affect the decision about whether [Plaintiff] was disabled at the time [she was] last insured for disability benefits." *Id.*

The regulations in place at the time of the ALJ's decision allowed a claimant to submit additional evidence to the Appeals Council to consider whether the evidence is (1) new, (2) material, and (3) relates to the period of time on or before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970(b); *see also Perez v. Chater*, 77 F.3d 41, 45 (2d Cir.1996). The ALJ decided this matter on October 4, 2016. (Tr. 33).

After a careful review, the Court finds that the Appeals Council did not err when it declined to consider the newly submitted evidence and declined to provide reasons for the denial, including the decision to not include the letters as part of the administrative record. Preliminarily, the Court notes that all three submissions were dated after the ALJ's decision on October 4, 2016 (s*ee* Tr. 10-19); but more importantly, there is no indication that these letters are referring to the period of time Plaintiff claims she was disabled: November 16, 2011 through June 30, 2015, as they all describe Plaintiff's *current* medical condition. *Id.* For example, Dr. Mallela's letter, dated October 26, 2016, which is dated well over a year after Plaintiff's Title II insured status ended and about one month after the ALJ's decision, indicates Plaintiff's *current* condition makes it difficult for her to work. (Tr. 19). Dr. Mallela gives no indication that she is referring to Plaintiff's condition between November 16, 2011 through June 30, 2015. Ms. McPhaden's health questionnaire

2

similarly speaks to Plaintiff's conditions in the present tense. (Tr. 11-16). Dr. Fiorica's letter, dated November 2, 2016, discusses his clinical exam which he completed on the date the letter indicates. (Tr. 17-18). Even if the November 2, 2016 letter could be properly considered by the Appeals Council, the Court would note that the contents of that letter are mostly duplicative of the August 27, 2014 letter (Tr. 363-364); he only opines that Plaintiff is disabled and not able to work, which proves unhelpful from a Social Security disability standpoint.

Further, "[n]o requirement is imposed on the [Appeals] Council to give a detailed description of the new medical evidence submitted or to explain its impact on the claimant's case." *Herod v. Astrue*, No. 06-CV-0767, 2008 WL 3155161, at *8 (W.D.N.Y. Aug. 4, 2008) (holding that the Appeals Council satisfied its obligation by reviewing the new evidence but finding that it did not provide an adequate basis for vacating the ALJ's decision); *see Ferguson v. Astrue*, No. 1:12-CV-0183 (MAD), 2013 WL 639308 (N.D.N.Y. Feb. 21, 2013) (holding that Appeals Council was not obligated to provide a written explanation of what weight it accorded to the new evidence in light of the fact that the new evidence was not material). Therefore, the Court finds that the Appeals Council was not required to give good reasons as to why it declined to consider the new evidence and to review the ALJ denial.

*The ALJ improperly substituted his lay opinion for that of a physician*

Plaintiff argues that the ALJ discounted the medical opinions in the record regarding mental limitations and instead relied on his own judgment to formulate the RFC, and specifically, assessed "very restricted mental limitations without any medical authority." (Dkt. 13 at 21-25).

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dailey v. Astrue,* No. 09-CV-0099(A)(M), 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010) (internal quotation omitted), *report and recommendation adopted,* 2010 WL 4703591 (W.D.N.Y. Nov. 19, 2010). However, Plaintiff's physicians need not provide specific function-by-function assessments of her RFC if the medical record is extensive enough to support an informed

3

RFC finding by the ALJ. *Leonard v. Colvin*, No. 12-CV-526A(F), 2014 WL 1338813, at *3 (W.D.N.Y. Mar. 31, 2014) (citing *Tankisi v. Commissioner of Social Security*, 521 F. App'x. 29, 34 (2d Cir. 2013); *Lowry v. Astrue*, 474 F. App'x 801, 804 (2d Cir. 2012); *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir.1999)). In assessing Plaintiff's RFC, the ALJ is permitted to rely on opinions from both examining and non-examining agency medical consultants because these consultants are qualified experts in the field of Social Security Disability. *See* 20 C.F.R. §§ 404.1512(b)(1)(vi), 404.1513(c), 404.1527(e).

Additionally, the ALJ's RFC finding need "not perfectly correspond with any of the opinions of medical sources cited in his decision," and the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Ortiz v. Colvin*, 298 F.Supp.3d 581, 587 (W.D.N.Y. 2018) (citing *Matta v. Astrue*, 508 Fed.Appx. 53, 56 (2d Cir. 2013) (summary order). Remand is not required "simply because the ALJ failed to conduct an explicit function-by-function analysis." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013); *see also Heil v. Comm'r of Soc. Sec.*, No. 16-CV-6653-FPG, 2017 WL 5467714 (W.D.N.Y. Nov. 14, 2017). The ALJ's RFC determination may still be upheld when his analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *Id.*

Here, the ALJ gave "some weight" to the opinion of Dr. Nagalla, M.D. and "great weight" to the consultative examiner Dr. Janine Ippolito, Psy.D. (Tr. 29, 31). Dr. Nagalla opined that Plaintiff could lift and carry up to ten pounds, could stand and walk for four hours and had no limitation on sitting or standing/walking, could never crouch or climb ladders, but had no limitations in handling, fingering, or feeling and that pain does not impair her ability to concentrate. (Tr. 820-23). Concerning mental limitations, Dr. Ippolito found that Plaintiff could follow and understand simple directions and instructions, perform simple and complex tasks independently, maintain attention and concentration, maintain a regular schedule, and make appropriate decisions. (Tr. 359).

However, Dr. Ippolito also found that Plaintiff had mild to moderate limitations for relating adequately to others, appropriately handling stress, and social functioning. *Id.*

The ALJ also gave "some weight" to Plaintiff's GAF scores, which were assigned by Ms. McPhaden during several psychotherapy sessions that also indicated mild to moderate mental health-related symptoms. (Tr. 31, 382, 651, 745, 903). Based on these limitations evident in the record, the ALJ reasonably included a limitation in the RFC that Plaintiff was limited to only occasional interaction with co-workers, supervisors, and the public. (Tr. 27). The use of terms such as "moderate", "occasional", and "mild" have been upheld by this Court and are consistent here in appropriately describing Plaintiff's RFC. *See Perez v. Berryhill*, No. 1:17-CV-00069-Mat, 2019 WL 696911, at *7 (W.D.N.Y. Feb. 20, 2019) (citing *Jiminez v. Colvin*, No. 16-CV-6350, 2018 WL 459301, at *3 (W.D.N.Y. Jan. 18, 2018) (moderate limitations in social interactions were appropriately accounted for with a limitation of "occasional interaction with co-workers, supervisors, and the general public") (internal citations omitted). Based on this opinion evidence, and the balance of the evidence in the record, the Court finds the ALJ did not err in formulating Plaintiff's RFC.

*The ALJ failed to find COPD to be a severe impairment*

Plaintiff argues that Dr. Liu and Dr. Fiorica found significant limitations from COPD, including a finding by Dr. Fiorica that Plaintiff's pulmonary function had "severely decreased," and therefore, opined that Plaintiff is "[not] capable of working in any capacity at this time." (Dkt. 13 at 25-26).

The ALJ is required to consider both severe and non-severe impairments when formulating the RFC. (Tr. 24, 28); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). Further, an impairment is only non-severe if it causes no more than a minimal effect on the ability to do basic work activities. 20 C.F.R. § 404.1523.

The ALJ considered Plaintiff's COPD when he noted that diagnostic testing evidenced no changes in Plaintiff's condition and no evidence of active disease. (Tr. 25-26). Specifically, the ALJ considered Plaintiff's pulmonary function testing which indicated "stability and insignificant changes," and "CTs of the chest have been stable since 2012." (Tr. 25). Evidently, the most severe assessment of Plaintiff's COPD is found in two letters from Dr. Norman O. Fiorica, M.D. and Dr. Rajeswara Nagalla, M.D., dated November 11, 2015 and May 18, 2016, indicating Plaintiff had developed "frequent exacerbations of

acute bronchitis" over the past three months and had "significant wheezing" at the time of her last visit in November of 2015; however, these assessments took place well past the date last insured and the Court will not infer that these assessments are in reference to the period of disability between November 16, 2011 through June 30, 2015. And while the Court finds that the ALJ's analysis regarding Plaintiff's history as a heavy smoker erroneous[1] (Tr. 26), the ALJ did not err in finding Plaintiff's COPD to be a non-severe impairment during the period of disability as substantial evidence supports the ALJ's finding.

## CONCLUSION

Based on the foregoing, the Court grants the Commissioner's motion for judgment on the pleadings (Dkt. 15) that Plaintiff is not entitled to disability benefits and denies Plaintiff's motion for judgment on the pleadings (Dkt. 13).

**IT IS SO ORDERED.**

                                        _s/Richard J. Arcara_
                                        **HONORABLE RICHARD J. ARCARA**
                                        **UNITED STATES DISTRICT COURT**

**Dated:** June 11, 2019

---

[1] *See Riechl v. Barnhart*, No. 02-CV-6169 CJS, 2003 WL 21730126, at *13 (W.D.N.Y. June 3, 2003) (this Court previously found an ALJ's reasoning erroneous when he discounted her COPD severity because he believed that the fact that plaintiff continued to smoke heavily meant that her symptoms for COPD were mild).